# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:09cv63

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff/Counter Defendant,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **RANDY L. CASH; DEBORAH B. CASH; HOMESTEAD STEAK HOUSE, INC.; and ERIE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants/Counter-Plaintiffs,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **SAM DENTON, INC., d/b/a GENERAL BUILDING SYSTEMS; and GENERAL BUILDING SYSTEMS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the owner defendants' Motion to

Transfer Venue (#19), filed March 12, 2009, and Motion to Dismiss or Alternatively

to Stay Proceedings (#26), filed April 16, 2009. Defendants state that defendants

Randy and Deborah Cash and that defendant Homestead Steakhouse, Inc., reside and

are located in Person County, North Carolina, which is within the Durham Division of the Middle District of North Carolina. In response, plaintiff agrees that a significant number of fact witnesses reside in the Middle District of North Carolina. In reply, the owner defendants agree the action should be transferred, but only after the court addresses the Motion to Dismiss. The builder defendants have not filed any response within the time allowed.

While this action seeks declaratory relief on the CGL policy issued by plaintiff to the builder defendants, the underlying claim concerns the collapse of the Homestead Steakhouse Restaurant while it was under construction in Person County, which is within the Durham Division of the Middle District of North Carolina. The only nexus between this action and the Western District of North Carolina is that the builder of the restaurant has its headquarters in this district and the CGL policy was issued at Arden, North Carolina, which is within the Asheville Division of this court.

While there appears to be agreement that this action should be transferred to the Middle District of North Carolina, the court has conducted its own review. In moving to transfer venue, defendants have relied on the discretionary transfer provisions of 28, United States Code, Section 1404(a). Under Section 1404(a), this court may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses [and] in the interest

of justice." 28 U.S.C. § 1404(a). "Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the discretion of the transferring judge." Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).In determining whether discretionary transfer is proper, the court must balance eleven factors: "(1) the Plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of any judgment obtained; (7) the relative advantages and obstacles to a fair trial; (8) other problems which might make the litigation more expeditious and economical; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies resolved at home and the appropriateness in having litigation of a diversity case [if this were a diversity case] in a forum that is at home with the state law that must govern the action; and (11) the avoidance of issues involving conflict of laws." American Motorists Ins. Co. v. CTS Corp., 356 F. Supp. 2d 583, 585 (W.D.N.C. 2005). In this case, the owner defendants have "the burden of persuasion and must show (1) more than a bare balance of convenience in their favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative

-3-

and a qualitative analysis of the factors. <u>McDevitt & Street Co. v. Fidelity and Deposit Co.</u>, 737 F. Supp. 351, 354 (W.D.N.C. 1990).

In conducting such review, it has become readily apparent that the builder defendants have taken no interest in the litigation now pending in this court. Thus, any interest the builder defendants may have in having the controversy over the CGL policy resolved in this district are *de minimis*.[1] While the court has considered plaintiff's choice of forum, plaintiff now believes that the Middle District of North Carolina would be a better forum inasmuch as fact witnesses therein reside. It would appear that the individual parties actually interested in the outcome of this action reside in Person County, and that beyond the policy, relative ease of access of proof would be aided by transfer to the Middle District. Clearly, the costs associated with obtaining witnesses for hearing or trials in Asheville would be substantial as compared to Durham, which adjoins Person County. Clearly, the possibility of a site view is made simpler if this action was resolved in Durham. The only other factor of note is the interest in having localized controversies resolved at home: clearly, the people of Person County have a vested interest in whether buildings they visit are

_____

[1] On April 22, 2009, the court entered a <u>Roseboro</u> Order advising the *pro se* builder defendants of their right to respond as well as the nature of the motions, and the corporate builder defendant's obligation to appear through counsel. (Docket Entry #28). No response or request of any sort was thereinafter filed by the builder defendants.

constructed properly and whether and to what extent those who come into Person County to build such structures are properly insured. Both quantitatively and qualitatively this action should be resolved in the Durham Division of the Middle District of North Carolina.

The owner defendants have, however, asked this court to delay transfer until it resolves their Motion to Dismiss, which was filed a month after their motion to transfer venue. While such request appeals to this court's desire to promptly resolve motions and not leave matters for others to resolve, the Motion to Dismiss concerns whether the district court should exercise its *discretion* to entertain a declaratory action under 28, United States Code, Section 2201. Discretion, in turn, is the freedom to act or judge on one's own. *The American Heritage Dictionary* (4th Ed. 2000). As the parties may be well aware by searching the recent decisions of this court, the judges of the Western District of North Carolina have been hesitant in recent years to allow declaratory actions to proceed on coverage issues where the underlying action is well underway in a state court. Such decisions clearly reflect the exercise of the assigned judge's discretion, which is as it must be counseled by that judge's judicial experience and philosophy. This court takes the position that if, applying the factors set forth in <u>American Motorists Ins. Co. v. CTS Corp.</u>, <u>supra</u>, a matter should be transferred to another district, the interest in the transferee district is not only in

the outcome of the action at trial, but whether the action should be heard in federal or state court. This court will, respectfully, allow the transfer and defer to the discretion of Middle District of North Carolina as to whether or not the action should be entertained.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)  the owner defendants' Motion to Transfer Venue (#19) is **ALLOWED** and this action is **TRANSFERRED** to the Middle District of North Carolina, Durham Division; and

(2)  decision on the owner defendants' Motion to Dismiss or Alternatively to Stay Proceedings (#26) is, respectfully, **DEFERRED** for decision by the United States Court for the Middle District of North Carolina.

Signed: June 1, 2009

Dennis L. Howell
United States Magistrate Judge

-6-